■ NERO WISE, an Infant, by ABEDNEGO JACKSON, His Legal Guardian, et al., Respondents, v ERIC J. BLAKE, Appellant.— Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered February 13, 1990 in Dutchess County, which denied defendant's motion to vacate a default judgment entered against him.

On May 1, 1985, the then eight-year-old plaintiff was attacked by a pit bull terrier while walking on a sidewalk in the City of Poughkeepsie, Dutchess County. The dog was killed by City police officers at the scene. On or about May 10, 1985, plaintiff's counsel sent a letter to defendant advising that a claim was being made against him concerning the attack by the pit bull and that he should turn the letter over to his insurance company. Plaintiff's counsel received no response to this letter. Although defendant now denies receiving the letter, it was not returned to sender by the Post Office. Defendant did not contact his insurance carrier.

On July 9, 1985, defendant was served with a summons and complaint alleging his responsibility for the injuries caused by the dog. Thereafter, defendant called plaintiff's attorney and denied knowledge of any such dog. In this conversation, defendant was told to give the process to his homeowners' insurance company and that the insurance company would take care of it. When nothing further was done by defendant, application was made by plaintiff for a default judgment. Such default judgment, with damages assessed at $35,293.50 against defendant, was duly entered on March 20, 1987. Defendant moved to open the default on May 20, 1987. After a hearing, Supreme Court rendered a decision which denied defendant's motion to vacate the default. The order entered on this decision is the subject of this appeal.

We affirm. The record is clear that defendant was personally served with a summons and complaint after he had been

sent a claim letter by plaintiff's counsel. Defendant admits this service of process and although defendant denies the ability to read or write the English language, counsel for plaintiff testified that he specifically advised defendant to turn the papers over to his insurance company. Defendant's failure to do so amounted to sheer neglect and Supreme Court was correct in refusing to condone it and open the default. Accordingly, the order of Supreme Court should be affirmed.

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.